RECEIVED

FEB - 5 2021

CLERK, US DISTRICT COURT
RICHMOND, VA

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
701 EAST BROAD STREET, SUITE 3000
RICHMOND, VIRGINIA 23219-3528

OFFICIAL BUSINESS

Guale Yamassee Juris Consul Office
P. O. Box 19835
Pennsylvania, PA 19143

RICHMOND VA 230

13 JAN 2021 PM 6 L

FIRST-CLASS MAIL

$00.50°

Hasler
01/13/2021
US POSTAGE

ZIP 23219
011D11648210

NIXIE          176     FE  1          0001/30/21

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 23219352839        *1950-06700-15-57

Guale Yamassee Juris Consul Office
P. O. Box 19835
Pennsylvania, PA 19143

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

XI CHIN CLAN NATION, *et al.*,

      Plaintiffs,

v.                                         Civil Action No. 3:21cv6

QUEEN ELIZABETH, *et al.*,

      Defendants.

## ORDER

On January 6, 2021, Plaintiff Xi Chin Clan Nation, along with other named entities, filed

two applications to proceed *in forma pauperis* and a Complaint. (ECF Nos. 1–3.) Upon review,

the Court ORDERS Plaintiffs, no later than February 16, 2021, to file: (1) an *in forma pauperis*

application or remit the filing fee for a civil action; and, (2) an Amended Complaint, which

outlines in simple and straightforward terms why Plaintiffs think they are entitled to relief and

why the Court has jurisdiction over this case.

First, the two *in forma pauperis* applications appear to be submitted on behalf of the Xi

Chin Clan Nation and the Harmon Rhashea Lynn Foreign Trust. (ECF Nos. 1, 2.) The Supreme

Court has held that 28 U.S.C. § 1915 applies only to natural persons, and as such, "artificial

entities" like associations and corporations cannot proceed *in forma pauperis*. *See Rowland v.*

*California Men's Colony, Unit II Mens Advisory Council*, 506 U.S. 194, 201–02 (1993); *see also*

*Tehuti v. Zientz*, 2016 WL 1238605, at *1 (N.D. Tex. Mar. 8, 2016) ("Because the in-forma-

pauperis motion pending in this case is styled, in part, on behalf of an organization, and not a

natural person, the in-forma-pauperis motion must be denied."). Because the *in forma pauperis*

statute permits only natural persons to proceed in court without pay fees and not entities, the Court orders Plaintiffs to complete an *in forma pauperis* application for each individual should Plaintiffs wish to proceed in this action without paying fees. Additionally, Plaintiffs must use the long-form *in forma pauperis* application, not the short-form applications that they submitted. Failure to comply with this request will result in the case being dismissed *without prejudice*.

Second, the Court has reviewed the proffered Complaint, which exceeds one hundred pages and attaches roughly one thousand pages of exhibits. (Compl., ECF No. 1-1.) The Complaint consists of rambling allegations against over 100 Defendants engaged in "land grabs" and an "Indigenous Ponzi Racket Foreclosing and Eminent Domain Scheme." (Compl. 60–71.) The Complaint seeks to bring nearly forty claims against various individuals, companies, attorneys, and elected officials, ranging from fraudulent foreclosures, to "Constitutional Amendment VII Violation," to wire fraud. The proffered Complaint offends Federal Rule of Civil Procedure 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and Plaintiffs' claims for relief.

The Court hereby ORDERS that the Clerk shall provisionally file the proffered Complaint; and it is further ORDERED that, no later than February 16, 2021, Plaintiffs shall file an Amended Complaint, which outlines in simple and straightforward terms why they think that they are entitled to relief and why the Court has jurisdiction over their case. *See* Fed. R. Civ. P. 8(a)(1) and (2).

The Amended Complaint SHALL COMPLY with the following directions:

1. At the very top of the amended pleading, Plaintiffs must place the follow caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER:  3:21cv6."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, Plaintiffs must set for legibly, in separately numbered paragraphs a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Plaintiffs must clearly identify each federal or state law allegedly violated. Under each section, Plaintiffs must list each defendant purportedly liable under that legal theory and explain why they believes each defendant is liable to them. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3. Plaintiffs shall also include the relief they request – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Plaintiffs may not reference statements in the prior complaint.

5. The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:08cv035, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

The Court ADVISES Plaintiffs that the failure to strictly comply with the Court's

directives and with applicable rules will result in DISMISSAL OF THIS ACTION WITHOUT

PREJUDICE for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Let the Clerk send a copy of this Order and necessary forms to Plaintiffs at their address

of record.

It is SO ORDERED.

                                        /s/
                                    M. Hannah Lauck
                                    United States District Judge

Richmond, Virginia
Date: 1-12-21

3